> The Bureau of Prisons is hereby ORDERED to advise the Court, no later than 8/6/19, as to the status of Mr. Venice's CPAP machine and, if it has not been made available for his use, why that is. The Government is directed to convey a copy of this order to the appropriate persons at MDC and to the BOP legal department.
>
> SO ORDERED.
>
> *Cathy Seibel*
> CATHY SEIBEL, U.S.D.J.
> 7/30/19

LAW OFFICE OF
# Bruno V. Gioffre, Jr., PLLC

2 WESTCHESTER PARK DRIVE, SUITE 205
WHITE PLAINS, NEW YORK 10604

TELEPHONE (914) 481-8900
FACSIMILE (914) 481-8905
bruno@bgioffrelaw.com

32 Fieldpoint Road
Greenwich, CT 06830

Bruno V. G...
Admitted i...

July 29, 2019

Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:     USA v. Madonna, et al (Joseph Venice) Docket No. 17-CR-89 (CS)

Dear Judge Seibel:

    As you are aware, the Law Office of Bruno V. Gioffre, Jr., PLLC represented Defendant Joseph Venice in the above referenced matter. We write to advise the Court that despite the Court's recommendation at time of sentencing that Mr. Venice be provided with a CPAP machine while incarcerated in the Federal Bureau of Prisons ("BOP"), Mr. Venice has still not been provided with an operable CPAP machine. See Judgment of Conviction, attached hereto as Exhibit A.

    On May 15, 2019, Mr. Venice self surrendered to MDC Brooklyn as directed. Shortly thereafter, pursuant to BOP protocol, Mr. Venice's wife mailed his CPAP machine to BOP Medical. However, Mr. Venice did not receive said CPAP machine until mid July. Further, since receiving the machine, BOP refuses to provide Mr. Venice with the necessary electrical cord to operate it.

    On July 19, 2019 and July 25, 2019, I sent emails to BOP medical to resolve this issue rather than bother the Court with this, however, BOP Medical has failed to respond to my emails.

    Accordingly, on behalf of Mr. Venice, we respectfully request the Court to intervene and order BOP to provide the necessary electrical cord so Mr. Venice can operate his CPAP machine properly.

    We thank you for your consideration.

Very truly yours,

Law Office of Bruno V. Gioffre, Jr., PLLC

*Bruno V. Gioffre, Jr.*

Bruno V. Gioffre, Jr., Esq.

Cc:     AUSA Scott Hartman (via email)

AO 245B (Rev. 02/18)    Judgment in a Criminal Case   (form modified within District on February 22, 2019)
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Joseph Venice | ) | Case Number: 7:17-CR-00089 (CS) (10) |
| | ) | USM Number: 28451-054 |
| | ) | Bruno Gioffre, Esq. and Lawrence DiGiansante, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One of S12 Information 17 CR 00089 (CS).

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Section 1962 | Racketeering Conspiracy, a Class C Felony. | 5/31/2017 | One |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   S1 & S3 Indictments   ☐ is   ☑ are dismissed on the motion of the United States *as to Defendant Venice.*

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/28/2019
Date of Imposition of Judgment

*/s/ Cathy Seibel*
Signature of Judge

Cathy Seibel, U.S.D.J.
Name and Title of Judge

3/29/19
Date

AO 245B (Rev. 02/18)   Judgment in Criminal Case
              Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: Joseph Venice
CASE NUMBER: 7:17-CR-00089 (CS) (10)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Eighteen (18) months on Count One of S12 Information 17 CR 00089 (CS). Defendant is advised of his right to appeal.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends placement at a facility as close as possible to Westchester County. Defendant's doctor says that the Defendant requires a CPAP machine. Defendant has other medical issues that may require attention.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____   ☐ a.m.   ☐ p.m.   on _____ .

   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☑ before 2 p.m. on   5/15/2019   .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
     DEPUTY UNITED STATES MARSHAL

DEFENDANT: Joseph Venice
CASE NUMBER: 7:17-CR-00089 (CS) (10)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Two (2) years on Count One.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: Joseph Venice
CASE NUMBER: 7:17-CR-00089 (CS) (10)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: Joseph Venice
CASE NUMBER: 7:17-CR-00089 (CS) (10)

## SPECIAL CONDITIONS OF SUPERVISION

You will participate in an outpatient substance abuse treatment program approved by the United States Probation Office, which program may include testing to determine whether you have reverted to using drugs or alcohol. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance abuse treatment provider.

You will participate in an outpatient mental health treatment program approved by the United States Probation Office. You must continue to take any prescribed medications unless otherwise instructed by the health care provider. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

You must provide the probation officer with access to any requested financial information.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

It is recommended that you be supervised by the district of residence.

DEFENDANT: Joseph Venice
CASE NUMBER: 7:17-CR-00089 (CS) (10)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 10,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

 ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

 ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Joseph Venice
CASE NUMBER: 7:17-CR-00089 (CS) (10)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 10,100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☑ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☑ Payment in equal monthly (e.g., weekly, monthly, quarterly) installments of $ 500.00 over a period of supervision (e.g., months or years), to commence 30 (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

If the defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25 per quarter toward the criminal financial penalties. However, if the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. Section 545.11.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.