UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

         -v.-                                 ORDER

JOSEPH VENICE,                       17-CR-89 (10) (CS)

              Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Joseph Venice's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1), known as "compassionate release." (Doc. 1001.)[1]

      Defendant was sentenced principally to eighteen months' imprisonment on his conviction for racketeering conspiracy. (Doc. 671.) The parties agree that he is scheduled to be released from custody on August 24, 2020.[2]

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of such a health condition is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old and has

---

[1] An earlier application was denied for failure to exhaust administrative remedies. (*See* Doc. 994.)

[2] Defendant represents that his eligibility date for release to a halfway house is May 24, 2020, (Doc. 987 at 2), and the Government has not disputed that representation.

served 75% of his sentence; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  Defendant does not suggest he meets any of the first three categories, but argues that the risk the corona virus pandemic poses to one with his health conditions meets the fourth category.

Defendant's Presentence Report, mentions, among other things, that he has sleep apnea and pulmonary nodules.  (Doc. 506 ¶¶ 51, 54.)  A letter from his physician documents that he also suffers from hypertension and has "an extensive history of recurrent pneumonia."  (Doc. 1001-2.)  The doctor opines that "[d]ue to these pre-existing conditions, any exposure to COVID-19 may severely compromise Mr. Venice's health."  (*Id.*)  The Metropolitan Detention Center ("MDC"), where Defendant is housed, has placed him on its list of high-risk inmates.  The Court finds that these health conditions, combined with the risks any incarcerated person faces during the corona virus pandemic, constitutes an "extraordinary and compelling reason" within the meaning of 18 U.S.C. § 3582(c)(1)(A).

The § 3553(a) factors do not militate against release, essentially for the reasons I described at sentencing in imposing a below-Guidelines sentence, (*see* Doc. 711 at 14-18), particularly given that Defendant has only three more months to serve.  The fact that he is a made member of an organized crime family gives me pause in connection with danger to the community, but his role does not appear to involve violence, his offense was (on his part) basically financial, and he has shown the ability to earn a lawful living.  I thus find that he is unlikely to pose a danger to the community were he to be released three months early, and the risks presented by his remaining incarcerated outweigh the § 3553(a) factors that would be served by requiring him to finish those three months.

Accordingly, the motion is granted and the term of imprisonment is reduced to time served. Defendant shall be released forthwith, on the following conditions (in addition to the conditions of supervised release already imposed):

1. In light of the COVID-19 pandemic, Defendant must self-quarantine at his residence for 14 days, except as necessary for medical treatment, which requires with prior notice to and approval by the Probation Department unless it involves a true emergency.

2. Defendant is to possess or have access to a smartphone that will allow video conferencing with the Probation Department.

3. Defendant shall contact Supervisory U.S. Probation Office Kevin Mulcahy (646-210-4075) upon his release.

Defendant is advised that the Court will regard it a serious violation of the trust the Court has placed in him if he fails to abide by his conditions of supervised release or any of the above conditions.

Dated: May 7, 2020
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.